# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GORDON RIPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 07-0832-CG-B |
| | ) |
| D. LEON POWERS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff, Gordon Ripps, for summary judgment on defendant's counterclaim (Doc. 53), the motion of defendant, D. Leon Powers, for summary judgment on plaintiff's complaint (Doc. 54), Powers' response in opposition (Doc. 59), Ripps' response in opposition (Doc. 60), Ripps' reply (Doc. 61), Ripps' motion to strike (Doc. 62), and Powers' reply (Doc. 63). The court finds that Powers has not properly authenticated the documents in exhibit 4 attached to Powers' response in opposition. Therefore, Ripps' motion to strike is due to be granted. The court also finds that Powers' counterclaims fail because they are based on an oral contract that violates the Statute of Frauds. The court further finds that Ripps' claims are barred by the Statute of Limitations. Therefore, both motions for summary judgment are due to be granted.

## FACTS

This case arises from two alleged contracts entered into by brothers-in-law, Gordon Ripps and D. Leon Powers. Ripps' complaint asserts four claims: 1) breach of a written contract

1

executed in December 1999, 2) declaratory judgment, 3) an accounting, and 4) concealment/ suppression. (Doc. 24). Defendant Powers filed a counterclaim against Ripps asserting claims for 1) fraud, 2) breach of fiduciary duty, and 3) breach of an oral contract the parties allegedly entered into in 1996. (Doc. 32). The parties agree that the two contracts are two separate agreements. (Doc. 53-3 p. 4). Powers moves for summary judgment asserting that Ripps' claims were barred by the statute of limitations and Ripps moves for summary judgment asserting that Powers' counterclaims are barred by both the statute of limitations and the statute of frauds.

The material facts are largely undisputed for purposes of the summary judgment motion, since the parties to not address the merits of the claims, but assert only statute of limitations and statute of frauds defenses.

The oral agreement was allegedly entered into in 1996, when Ripps represented to Powers that if Powers would furnish his business experience and financial connections, Ripps would share fees and assets generated by the use of Ripps' Alabama Real Estate license. (Doc. 32 ¶ 49). Ripps and Powers allegedly agreed to work together as joint venturers, splitting profits from all projects either of them developed in South Alabama on a 50/50 basis. (Doc. 32 ¶ 50). They were to split the gross profits from the ventures they pursued together. (Powers Depo. pp. 59-60). The oral agreement did not have a set time that the agreement would last, but it was the parties' intention that it would last longer than a year. (Powers Depo. pp. 59, 61). In 1999, Powers and Ripps split the $174,000 commission for the sale of Sportsman's Marina and the adjoining property. (Doc. 32 ¶ 53). As part of the Sportsman's Marina project, and allegedly through Powers' efforts, Ripps was designated as the major broker for The Moorings condominium project. (Doc. 32, ¶ 55). In 2000, Powers reports that he learned that Ripps was

2

dividing profits with a third party, and upon confrontation, Ripps repudiated all business relationships with Powers. (Doc. 32, ¶ 56-57). Powers states that sometime in the Summer of 2000, Ripps said that he was not going to give him fifty percent of his income for the Moorings. (Powers Depo. p. 80). Because Ripps was repudiating his agreement to share profits from the Moorings, Powers reportedly told Ripps that he would not pay Ripps any profits that Powers would receive. (Doc. 32 ¶ 57; Powers Depo. pp. 80-81, 189-192). Powers told Ripps that as far as he was concerned their relationship was ended. (Powers Depo. p. 81).

The written contract on which Ripps asserts claims was executed in December 1999. (Doc. 24, ¶ 7). The contract has the signature and stamp of a notary at the bottom of the document. (Doc. 54-3). In the agreement, Powers and Ripps agree that Ripps "shall share equally in the ownership on [Sportsmans's Marina LP and all related properties]." (Doc. 54-3). The agreement further states that "Ripps has earned an equal share by his contribution to the initial project and its successful closing on the project known as the Sportsman's Marina." (Doc. 54-3). Ripps reportedly reimbursed Powers for expenses incurred with respect to the Sportman's Marina LP and related properties and reimbursed Powers for half of the capital contributions which Powers was required to pay for the ventures. (Doc. 24, ¶¶ 10-11). The complaint alleges that Powers received distributions in 2006, 2007, and/or 2008 and has failed to distribute to Ripps his equal share owed under the written agreement and has allegedly concealed additional distribution from Powers.

## **LEGAL ANALYSIS**

**A. Motion to Strike**

Ripps moves to strike Powers' exhibit 4 to his response to summary judgment (Doc. 60-

6), which contains copies of checks and check stubs, because they have not been authenticated and because they contradict Powers' discovery responses and testimony. (Doc. 62). The court notes that Powers did not respond to the motion to strike or seek leave to file an affidavit or other document to attempt to properly authenticate the exhibit. "[E]vidence inadmissible at trial cannot be used to avoid summary judgment." Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007) (quoting Broadway v. City of Montgomery, Ala., 530 F.2d 657, 661 (5th Cir. 1976)). For a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment Rule 56(e), FED. R. CIV. P. See First National Life Insurance Company v. California Pacific Life Insurance Company, 876 F.2d 877, 881 (11th Cir. 1989); see also McKenzie v. Citation Corp., LLC, 2007 WL 1424555, *7 (S.D. Ala. May 11, 2007) (citation omitted); Williams v. Eckerd Family Youth Alternative, 908 F.Supp. 908 (M.D. Fla. 1995) (citations omitted); White v. Wells Fargo Guard Services, 908 F.Supp. 1570, 1579 (M.D. Ala. 1995) (citation omitted); Burnett v. Stagner Hotel Courts, Inc., 821 F.Supp. 678, 683 (N.D. Ga. 1993); aff'd, 42 F.3d 645 (11th Cir. 1994) (citations omitted). Because the documents were not authenticated, the court finds that Ripps' motion to strike it due to be granted. Thus, the court will not consider Powers' Exhibit 4 in its analysis of the summary judgment motions.

**B. Summary Judgment Standard**

Federal Rule of Civil Procedure 56© provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11thCir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 242. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56©, the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine

5

issue for trial." FED. R. CIV. P. 56(e) "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**C. Statute of Frauds**

Ripps asserts that Powers' counterclaims fail because they are based on an oral contract that violates the Statute of Frauds. The Statute of Frauds is an affirmative defense and Ripps would have "the burden of proving that the contract meets the stated criteria of the statute." Ex parte Ramsay, 829 So.2d 146, 154 (Ala. 2002). The statute provides, in pertinent part:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
>
> (1) Every agreement which, by its terms, is not to be performed within one year from the making thereof;...
>
> (5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller;

ALA. CODE § 8-9-2(1) & (5). Under Alabama law, then, if the alleged oral agreement, which all parties agree was not in writing, could not have been performed within one year from the making thereof, the agreement is void and Powers is barred from claiming any rights thereunder. In addition, if the alleged oral agreement was for the sale of lands or any interest therein, then Powers is barred from claiming any rights thereunder unless one of the stated exceptions apply. Powers argues that the contract does not violate the Statute of Frauds because it could have been

6

performed within one year and because the contract concerned more than the interests in land. However, Powers admits that it was the intention of the parties that the contract would last more than a year. The court notes that Powers is, in fact, claiming benefits under the contract that accrued more than a year after the oral agreement was allegedly entered into. Because the record demonstrates that the agreement was not memorialized in a writing, and was not intended to be performed within a year, the contract is void under Alabama's Statute of Frauds. See Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1310 (11th Cir. 2007).[1] Therefore, the court finds that Powers' counterclaims are based on a contract that is unenforceable.[2]

**D. Statute of Limitations**

Both parties assert that the applicable Statute of Limitations bars the claims asserted against them. As the court determined above that the claims asserted by Powers against Ripps fail because of the Statute of Frauds, the court will focus primarily on the claims asserted by Ripps against Powers.

Powers contends that Ripps' contract based claims (Counts 1-3) are subject to the six-year statute of limitations set forth in ALA.CODE § 6-2-34(9). As a general rule, an action for breach of contract comes into existence, or "arises", at the time the breach occurs, the same time it "accrues" triggering the six-year statute of limitations. See Stephens v. Creel, 429 So.2d 278

---

[1] In Cox Nuclear, deposition testimony made clear that an alleged noncompete agreement was to continue for more than one year. Specifically, the court relied on testimony by a representative of Cox Nuclear that he had "made the assumption or intention that this relationship with a noncompete in this territory would extend well beyond one year," and his statement that he "thought it was a long term deal." The court also relied on Cox's deposition testimony, in which he stated that he "certainly expected eight to ten years" of noncompetition. Cox Nuclear, 478 F.3d at 1309-1310. As in Cox Nuclear, the testimony in this case demonstrates that the contract was intended to extend longer than a year.

[2] Since the court has found that the oral contract violates the Statute of Frauds on the basis that it was intended to be performed for more than a year, the court declines to address whether the alleged oral contract also violates the Statute of Frauds because it involves the parties' interest in land.

7

(Ala. 1983). A contract action does not arise at the entry of the agreement, or when damages result, or when the plaintiff discovers the breach. Stephens, 429 So.2d. at 282.[3] This case was

---

[3] The Supreme Court of Alabama's discussion made clear that the cause of action arises at the time of the breach regardless whether the plaintiff had discovered the breach at that time. The Court explained the difference between when a tort action arises and when a contract action arises as follows:

> In the tort context the rules governing the accrual of a cause of action differ from those applied in a contract case. That is, in the tort context a showing of injury or damage is an integral part of the cause of action. In the contract context, on the other hand, even if the plaintiff could not show any actual damage, we have repeatedly allowed a recovery of at least nominal damages where the plaintiff has shown that defendant has breached the terms of the contract.

Stephens, 429 So.2d at 280 (citations omitted). The Court further stated that secondary authorities are in accord with this distinction and quoted the following passages:

> As a general rule, the statute of limitations begins to run in civil actions on contracts from the time the right of action accrues. This is usually the time of the breach of the agreement rather than the time that actual damages are sustained as a consequence of the breach.
>
> According to many courts, where the gist of an action is fraud concealed from plaintiff, or where there is fraudulent concealment of a cause of action, the statute of limitations does not commence to run until discovery of the wrong or of facts placing one on inquiry. But the general rule in actions at law is that the mere fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not prevent the running of the statute or postpone the commencement of the period of limitation until he discovers the facts or learns of his rights thereunder ....

Stephens, 429 So.2d at 280-281 (quoting 51 Am.Jur.2d Limitation of Actions §§ 126, 146 (1970)). The Stephens Court also discussed case law from other jurisdictions, including Kennedy v. Johns-Manville Sales Corp., 135 Conn. 176, 62 A.2d 771 (1948) which stated that "[i]t is well established that ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action." Stephens, 429 So.2d at 282. As the Kennedy case explained:
> [T]he application of the rule may result in occasional hardship. 'The statute of limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The Legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims.

Kennedy, 62 A.2d at 773 (citation omitted).

filed on November 30, 2007. Thus, any actionable breach must have occurred after November 29, 2001. Ripps' complaint asserts claims for breaches that allegedly occurred in 2006, 2007, and/or 2008. Breaches that arose during 2006 and later would clearly not be barred by the 6 year Statute of Limitations. However, Powers argues that the contract was breached in 2000 and that the distributions that Ripps claims he is entitled to from 2006, 2007, and 2008 are merely the damages that allegedly resulted from the 2000 breach. The evidence indicates that, in the Summer of 2000, Ripps told Powers that he was not going to pay Powers the profits to which Powers believed he was entitled. Powers testified that he told Ripps that if Ripps was not going to share his profits with him then Powers was not going to share profits with Ripps and that their business relationship was over. Ripps argues that Powers did not expressly repudiate the written contract in 2000 and that the original oral contract and the 1999 written contract were separate agreements. However, the evidence indicates that, prior to 2000, the parties had agreed to share the proceeds from the business opportunities they pursued together, but that after 2000, they did not work together or share any profits. Although the parties agree that the original oral contract and the written contract are two separate agreements, the written contract simply acknowledges that Ripps had contributed to the particular business pursuit and confirms that Powers intended to share the profits from that business pursuit with Ripps. The contract appears to be related to and is a continuation of their past practice and agreement to share the profits from business opportunities they pursued together or assisted each other with. The written contract merely documented the parties agreement to split profits with regard to that particular business pursuit. There is no evidence that the parties at any time after the Summer of 2000 continued to operate under the terms of the contract or that either party thought the other would voluntarily share their profits in any business pursuit. In fact, according to Ripps, Powers received $42,000.00 in profits in the year 2000, which Powers did not share with Ripps and to which Ripps believes he

is entitled. (Doc. 63-4 Ex. 2). The fact that Powers did not receive certain profits until 2006, or that Ripps did not know what profits Powers had received until 2006 or later, does not keep the Statute of Limitations from running. See Stephens, 429 So.2d at 280-282.

Ripps argues that a ten year Statute of Limitations applies to the written contract because the contract was "under seal." However, as Powers points out, for a contract to be considered under seal, the contract has to expressly indicate that it is intended to be under seal. See Dawsey v. Kirven, 83 So. 338, 341 (Ala. 1919) ("the purpose to seal it should be declared in the body of the instrument"); see also Autauga Co-op. Leasing Ass'n v. Ward, 33 So.2d 904, 908 (Ala. 1948) ("The instrument must declare in its body that its corporate seal is affixed to make the seal effectual."). The contract in this case does not so indicate. Thus, the court finds that the ten year Statute of Limitations applicable to contracts under seal does not apply here.

Powers asserts that Ripps fourth cause of action for concealment/suppression is barred by the two year Statute of Limitations set forth in ALA. CODE § 6-2-3. The Statute of Limitations does not begin to run until the plaintiff discovers or should have discovered the fraud. Smith v. National Security Insurance Company, 860 So.2d 343, 345 (Ala. 2003). However, Ripps knew at least as early as 2005 that Powers would not pay Ripps his share of the profits unless Ripps paid Powers the profits to which Powers believed he was entitled. (Ripps Depo. p. 127). Ripps did not know the exact amount of the profits or when they would be received by Powers, but he knew that Powers was not going to share any of them with Ripps. Powers had clearly repudiated the contract by that time and there is no evidence that Powers' failure to disclose any information relating to the business pursuit and resulting profits after 2005 induced Ripps to act or to refrain from acting.[4] Ripps contends that had he known in 2006 and 2007 that Powers

---

[4] To establish a fraudulent concealment or suppression claim in Alabama Ripps must show:
> (1) that the defendant had a duty to disclose a material fact; (2) that the defendant either failed to disclose or concealed the material fact; (3) that the defendant's failure to disclose or his concealment of that fact induced the plaintiff to act or to

received certain profits, Ripps would have asked for and demanded his share of those profits. However, Ripps could have sued Powers in 2005 and demanded that the contract be enforced. There is no indication that the profits Powers received were significantly higher than Ripps expected Powers to receive or that any other circumstances were materially different from what Ripps knew them to be such that Ripps would have acted differently had he known the truth. Ripps knew that Powers had received and/or would receive profits that Powers would not share with Ripps. Ripps has not demonstrated that Powers' alleged concealment in 2006 and 2007 of information regarding when and in what amounts the profits were received had any effect on Ripps' actions. Any prior concealments are barred by the Statute of Limitations.

## **CONCLUSION**

For the reasons stated above, the motion of Gordon Ripps to strike (Doc. 62) is **GRANTED**; the motion of Gordon Ripps, for summary judgment on defendant's counterclaim (Doc. 53) is **GRANTED**; and the motion of D. Leon Powers for summary judgment on plaintiff's complaint (Doc. 54), is **GRANTED**.

**DONE** and **ORDERED** this 31st day of December, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

refrain from acting; and (4) that the plaintiff suffered damage as a result of his action, or inaction, induced by the defendant's failure to disclose or his concealment of the material fact.

Roberts v. Blue Cross and Blue Shield of Alabama, 653 So.2d 956, 958 (Ala. 1995) (citation omitted).