IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GORDON RIPPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 07-0832-CG-B |
| D. LEON POWERS, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on defendant's motion for dismissal and sanctions (Doc. 96), plaintiff's opposition thereto (Doc. 98), and plaintiff's motion to strike (Doc. 99). The court finds that defendant's motion is due to be denied and that plaintiff's motion to strike should be granted.

Defendant, proceeding pro se, moves to dismiss all claims against him and requests damages because the parties have been ordered to prepare a joint pretrial document and plaintiff's counsel "has not communicated to Powers her willingness to prepare 'this joint pretrial document'." (Doc. 96). Defendant also filed a proposed pretrial document. (Doc 97).

Plaintiff responds that he mailed a copy of the court's orders to defendant with an explanation that the parties would be required to jointly submit a pretrial document by the court's deadline of August 2, 2010. Plaintiff's counsel states that on July 23, 2010, she began extensive revisions of the prior joint pretrial document – which had been prepared by counsel from both sides. Plaintiff's counsel further states that she has received no response or any input from defendant regarding what defendant proposes to include in the joint pretrial document. Since the joint pretrial

1

document is not due until August 2, 2010, and plaintiff appears to have been working on the pretrial document and attempting to cooperate with defendant, the court finds that defendant's motion to dismiss should be denied. Additionally, the court finds there is clearly no basis for an award of damages to defendant.

Plaintiff moves to strike the proposed joint pretrial document filed by defendant and requests any other relief to which he may be entitled, including the award of costs and attorney's fees associated with having to respond to defendant's motions and filing of a unilateral proposed pretrial order. Plaintiff asserts that the proposed joint pretrial document was not prepared jointly, it includes evidentiary issues relating to defendant's counterclaims which have been dismissed from this matter, it includes defenses and affirmative defenses not previously raised, it lists witnesses that are no longer relevant, and it claims damages for counterclaims that have been dismissed. Because the proposed document was not prepared with any input from plaintiff, and because it contains inappropriate or irrelevant material, the court finds it appropriate to strike the document in its entirety. However, the court does not find that sanctions are warranted at this time. The court notes that defendant is proceeding pro se and should be given some latitude. However, defendant should be advised that his failure to cooperate or comply with this court's orders in the future will not be viewed favorably. While a pro se litigant's pleading may be more liberally construed, he "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," the same as any other litigant. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## CONCLUSION

For the reasons stated above, defendant's motion for dismissal and sanctions (Doc. 96) is **DENIED,** and plaintiff's motion to strike (Doc. 99) is **GRANTED**. Defendant's proposed pretrial

order (Doc. 97) is hereby **STRICKEN** and the parties are **ORDERED** to provide each other with their proposed revisions for the pretrial order and to comply with this court's order of July 1, 2010, (Doc. 95) by filing a **Joint Pretrial Document** by **August 2, 2010**.

**DONE and ORDERED** this 28th day of July, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE