# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GORDON RIPPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-0832-CG-B |
| | ) | |
| **D. LEON POWERS,** | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the court on defendant's motion to add Harriet Powers as a witness (Doc. 112), and plaintiff's opposition thereto (Doc. 114). The court finds that defendant's motion is due to be denied.

Defendant, proceeding pro se, moves to add his wife, Harriet Powers, as a witness to testify on his behalf. Defendant states that Mrs. Powers will testify regarding the signed agreement in dispute and its intent. Plaintiff argues that defendant should not be permitted to add Mrs. Powers because she has never been listed as a person with discoverable information or as a witness in defendant's initial disclosures or his pretrial disclosures. Initial disclosures were due in this case by February 19, 2008, and discovery closed on July 14, 2008. (Doc. 9). Rule 26(a)(3) requires that, "unless otherwise directed by the court," pretrial disclosures "must be made at least 30 days before trial." FED. R. CIV. P. 26(a)(3). The trial of this matter is currently set for September 8, 2010, with jury selection on August 31, 2010. (Doc. 113). Thus, defendant has failed to comply with both Rule 26(a) deadlines.

The court notes that defendant is proceeding pro se. However, as the court has previously advised defendant, while a pro se litigant's pleading may be more liberally construed, he "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," the same as any other litigant. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The sanctions to be imposed for violations of Rule 26(a) are controlled by Federal Rule of Civil Procedure 37, which provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.....

FED. R. CIV. P. 37. Rule 37(c)(1) contains a "narrow escape hatch" that allows the court to admit belatedly proffered evidence only if the proponent's failure to reveal it was either substantially justified or harmless. Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001). The non-producing party has the burden of showing that its actions were substantially justified or harmless. Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D. Ala. 2001)(citing Burney v. Rheem Mfg. Co., 196 F.R.D. 659, 691 (M.D. Ala. 2000)).

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.

Chapple v. Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997)(quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan 1995)). Failure to make the required disclosures is harmless "when there is no prejudice to the party entitled to the disclosure." Id.

2

Defendant has not met his burden of showing substantial justification or lack of harm. Although the court notes that plaintiff was presumably aware of the identity of Mrs. Powers,[1] the court would not expect plaintiff to depose a person that defendant did not intend to use as a witness. "[M]erely having to depose a party on information that should have been disclosed in a Rule 26 Report is a form of prejudice." McClain v. Metabolife International, Inc., 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2002). The court notes that Mrs. Powers reportedly lives out of state[2] and that the trial is set to occur in approximately two weeks. As such, the court finds that allowing plaintiff to add Mrs. Powers as a witness would prejudice the plaintiff. There also appears to be no genuine dispute concerning compliance. Thus, the court finds that defendant should not be permitted to call Mrs. Powers as a witness at trial.

## **CONCLUSION**

For the reasons stated above, defendant's motion to add Harriet Powers as a witness (Doc. 112) is **DENIED**.

**DONE and ORDERED** this 24th day of August, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Mrs. Powers signed the written contract plaintiff seeks to enforce. Additionally, Mrs. Powers is not only defendant's wife, but presumably plaintiff's sister since plaintiff and defendant have been described as brothers-in-law and Mrs. Powers full name is Harriet Powers Ripps.
[2] See Plaintiff's Opposition, Doc. 114, ¶ 9.