# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GORDON RIPPS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-0832-CG-B |
| D. LEON POWERS, | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's statement of fees and expenses (Doc. 168), filed in response to this court's order granting Rule 11 sanctions (Doc. 166).

This court previously granted plaintiff's motion for Rule 11 sanctions (Doc. 148) and awarded plaintiff attorney's fees and expenses incurred in having to respond to and file motions dealing with defendant's post-trial motions and other post-trial pleadings. (Doc. 166). The court stated that such fees and expenses "shall include the cost of preparing a fee statement with supporting documents." (Doc. 166, p. 8). Plaintiff submitted an itemized billing statement and affidavits showing he incurred $6,404.51 in attorneys' fees and expenses in addressing defendant's post-trial motions. (Doc. 168-1).

The starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The "applicant bears the burden of

establishing entitlement" and "documenting reasonable hours expended and reasonable hourly rates." See ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) . After review of the affidavits and billing statement submitted by plaintiff, the court finds that the hourly rates charged and time expended were reasonable.

Therefore, plaintiff is hereby awarded attorneys' fees and expenses in the amount of **$6,404.51 (Six Thousand Four Hundred Four and 51/100 Dollars)** as a Rule 11 sanction.

**DONE and ORDERED** this 10th day of June, 2011.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE